# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| TIM DEAN P.,[1] | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **CIVIL ACTION** |
| v. | ) | |
| | ) | **No. 21-1044-JWL** |
| KILOLO KIJAKAZI,[2] | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## MEMORANDUM AND ORDER

Plaintiff seeks review of a decision of the Commissioner of Social Security denying Disability Insurance Benefits (DIB) pursuant to sections 216(i) and 223 of the Social Security Act, 42 U.S.C. §§ 416(i) and 423 (hereinafter the Act).  Finding error in the Administrative Law Judge's (ALJ) evaluation of Plaintiff's allegations of symptoms, the court ORDERS that the case shall be REVERSED and that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case for further proceedings consistent with this Memorandum and Order.

---

[1] The court makes all its "Memorandum and Order[s]" available online.  Therefore, in the interest of protecting the privacy interests of Social Security disability claimants, it has determined to caption such opinions using only the initial of the Plaintiff's last name.

[2] On July 9, 2021, Kilolo Kijakazi was sworn in as Acting Commissioner of Social Security.  In accordance with Rule 25(d)(1) of the Federal Rules of Civil Procedure, Ms. Kijakazi is substituted for Commissioner Andrew M. Saul as the defendant.  In accordance with the last sentence of 42 U.S.C. § 405(g), no further action is necessary.

## I.      Background

Plaintiff protectively filed an application for DIB on April 16, 2019.  (R. 12, 197-98).  After exhausting administrative remedies before the Social Security Administration (SSA), Plaintiff filed this case seeking judicial review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g).  Plaintiff claims the ALJ erred in evaluating his allegations of disabling symptoms as required by Social Security Ruling (SSR) 16-3p.

The court's review is guided by the Act.  Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009).  Section 405(g) of the Act provides that in judicial review "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive."  42 U.S.C. § 405(g).  The court must determine whether the ALJ's factual findings are supported by substantial evidence in the record and whether she applied the correct legal standard.  Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001).  "Substantial evidence" refers to the weight, not the amount, of the evidence.  It requires more than a scintilla, but less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971); see also, Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988).  Consequently, to overturn an agency's finding of fact the court "must find that the evidence not only supports [a contrary] conclusion, but compels it."  I.N.S. v. Elias-Zacarias, 502 U.S. 478, 481, n.1 (1992) (emphases in original).

The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency."  Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting

Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord, Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005); see also, Bowling v. Shalala, 36 F.3d 431, 434 (5th Cir. 1994) (The court "may not reweigh the evidence in the record, nor try the issues de novo, nor substitute [the Court's] judgment for the [Commissioner's], even if the evidence preponderates against the [Commissioner's] decision.") (quoting Harrell v. Bowen, 862 F.2d 471, 475 (5th Cir. 1988) (brackets in Bowling)). Nonetheless, the determination whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion. Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

The Commissioner uses the familiar five-step sequential process to evaluate a claim for disability. 20 C.F.R. § 404.1520; Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)). "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary." Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084). In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether he has a severe impairment(s), and whether the severity of his impairment(s) meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1). Williams, 844 F.2d at 750-51. After evaluating step three, the Commissioner assesses claimant's residual functional capacity (RFC). 20 C.F.R. § 404.1520(e). This assessment is used at both step four and step five of the sequential evaluation process. Id.

The Commissioner next evaluates steps four and five of the process—determining at step four whether, considering the RFC assessed, claimant can perform his past relevant work; and at step five whether, when also considering the vocational factors of age, education, and work experience, he is able to perform other work in the economy. Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).  In steps one through four the burden is on Plaintiff to prove a disability that prevents performance of past relevant work.  Blea v. Barnhart, 466 F.3d 903, 907 (10th Cir. 2006); accord, Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2.  At step five, the burden shifts to the Commissioner to show that there are jobs in the economy which are within the RFC previously assessed.  Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).  The court addresses the error alleged in Plaintiff's Social Security Brief.

## II.   Discussion

Plaintiff claims the ALJ erred in evaluating his allegations of disabling symptom as required by SSR 16-3p.  He acknowledges the ALJ's statement that she found his allegations "not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision," but argues she failed to state her reasons.  (Pl. Br. 12) (quoting R. 20).  He points out the ALJ summarized the evidence, noting both normal and abnormal findings and summarized Plaintiff's statements of his symptoms, but argues she "did not explain how this evidence conflicted with [Plaintiff]'s allegations of limitations related to pain-producing impairments."  Id. at 14-15.  He then explains how, in his view, the evidence is consistent with his allegations of disabling symptoms.  Id. at 15-18.

The Commissioner argues the ALJ "gave several well-supported reasons for concluding that Plaintiff's reported symptoms were not as severe as he claimed." (Comm'r Br. 8).  She argues, "the ALJ discussed the physical and mental findings from Plaintiff's treating and examining providers," and "discussed Plaintiff's history of hospitalizations related to not taking his psychotropic medications and substance abuse, along with the normal mental status examination findings when he was compliant with treatment."  Id.  She argues, "In cases like this, where the evidence is mixed, the ALJ has great authority to resolve conflicts in the evidence."  Id. at 9 (citing Allman v. Colvin, 813 F.3d 1326, 1333 (10th Cir. 2016)).  She then explains how, in her view, the evidence is inconsistent with Plaintiff's allegations of disabling symptoms.  Id. 9-11.

### A.    Standard for Evaluating a Claimant's Allegations of Symptoms

An ALJ's evaluation of a claimant's allegation of symptoms is generally treated as binding on review.  Talley v. Sullivan, 908 F.2d 585, 587 (10th Cir. 1990); Broadbent v. Harris, 698 F.2d 407, 413 (10th Cir. 1983).  Such "determinations are peculiarly the province of the finder of fact" and will not be overturned when supported by substantial evidence.  Wilson, 602 F.3d at 1144; accord Hackett, 395 F.3d at 1173.  Therefore, in reviewing the ALJ's evaluations, the court will usually defer to the ALJ on matters involving witness allegations.  Glass v. Shalala, 43 F.3d 1392, 1395 (10th Cir. 1994).  However, such findings "should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings."  Wilson, 602 F.3d at 1144 (quoting Huston v. Bowen, 838 F.2d 1125, 1133 (10th Cir. 1988)); Hackett, 395 F.3d at 1173 (same).

The Tenth Circuit has explained the analysis for considering subjective allegations regarding symptoms.  Thompson v. Sullivan, 987 F.2d 1482, 1488 (10th Cir. 1993) (dealing specifically with pain).

> A claimant's subjective allegation of pain is not sufficient in itself to establish disability.  Before the ALJ need even consider any subjective evidence of pain, the claimant must first prove by objective medical evidence the existence of a pain-producing impairment that could reasonably be expected to produce the alleged disabling pain.  This court has stated:  The framework for the proper analysis of Claimant's evidence of pain is set out in Luna v. Bowen, 834 F.2d 161 (10th Cir. 1987).  We must consider (1) whether Claimant established a pain-producing impairment by objective medical evidence; (2) if so, whether there is a "loose nexus" between the proven impairment and the Claimant's subjective allegations of pain; and (3) if so, whether, considering all the evidence, both objective and subjective, Claimant's pain is in fact disabling.

Thompson, 987 F.2d at 1488(citations and quotation omitted).

In evaluating a claimant's allegations of symptoms, the court has recognized a non-exhaustive list of factors which should be considered.  Luna, 834 F.2d at 165-66; see also 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3).  These factors include:

> the levels of medication and their effectiveness, the extensiveness of the attempts (medical or nonmedical) to obtain relief, the frequency of medical contacts, the nature of daily activities, subjective measures of credibility that are peculiarly within the judgment of the ALJ, the motivation of and relationship between the claimant and other witnesses, and the consistency or compatibility of nonmedical testimony with objective medical evidence.

Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995) (quoting Thompson, 987 F.2d at 1489).[3]

The Commissioner has promulgated regulations suggesting relevant factors to be considered in evaluating a claimant's allegations of symptoms which overlap and expand upon the factors stated by the court:  Daily activities; location, duration, frequency, and intensity of symptoms; factors precipitating and aggravating symptoms; type, dosage, effectiveness, and side effects of medications taken to relieve symptoms; treatment for symptoms; measures plaintiff has taken to relieve symptoms; and other factors concerning limitations or restrictions resulting from symptoms.  20 C.F.R. § 404.1529(c)(3)(i-vii).

**B.**      **The ALJ's Evaluation of Plaintiff's Allegations of Symptoms**

The ALJ stated she had evaluated Plaintiff's symptoms in accordance with 20 C.F.R. § 405.1529 and SSR 16.3p.  (R. 19).  She summarized the process as noted above

---

[3] Luna, Thompson, and Kepler, were decided when the term used to describe the evaluation of a claimant's allegations of symptoms resulting from her impairments was "credibility determination."  Although that term is no longer used, the applicable regulation never used that term and the procedure for evaluating a claimant's allegations of symptoms has not significantly changed.  Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5,844-01, 5,871 (Jan. 18, 2017) (codified at 20 C.F.R. § 404.1529).  Moreover, the Tenth Circuit held its approach to credibility determination was consistent with the approach set forth in SSR 16-3p. Brownrigg v. Berryhill, 688 Fed. Appx. 542, 546 (10th Cir. 2017).  Therefore, the three-step framework set out in Luna, based on 20 C.F.R. § 404.1529 (2017) is still the proper standard to be used as explained in the regulations in effect on September 30, 2020, when this case was decided.  Nonetheless, to the extent that "subjective measures of credibility that are peculiarly within the judgment of the ALJ;" Kepler, 68 F.3d at 391; relate to an examination of a claimant's character, it is specifically prohibited by SSR 16-3p, and is no longer a valid factor to be considered.

and listed the regulatory factors to be considered in the evaluation.  Id.  She summarized

Plaintiff's allegations of symptoms and stated her conclusion that his "statements

concerning the intensity, persistence and limiting effects of these symptoms are not

entirely consistent with the medical evidence and other evidence in the record for the

reasons explained in this decision."  (R. 19-20).  She then summarized the medical

records and medical opinions and stated her evaluation of the persuasiveness of the

medical opinions.  Id. at 20-25.

> After summarizing the evidence, the ALJ stated her conclusion from the evidence:
>
> > The medical evidence of record does not dispute that the claimant has
> > conditions, which singly or in combination, may cause him pain or other
> > difficulties.  What the evidence indicates, however, is that the claimant's
> > symptoms may not be accurately reported, may not exist at the level of
> > severity assumed by the claimant's testimony at hearing and may have
> > other mitigating factors against their negative impact on the claimant's
> > ability to engage in work activity.  The above residual functional capacity,
> > as determined by the undersigned, gives adequate weight to the facts as
> > determined to be consistent with the evidence.

Id. 23.  After evaluating the medical opinions, she stated her ultimate conclusion:

> After a thorough review of the evidence of record including the claimant's
> allegations and testimony, forms completed at the request of Social
> Security, the objective medical findings, medical opinions, treatment notes
> and other relevant evidence, the undersigned finds the claimant capable of
> performing work consistent with the residual functional capacity
> established in this decision.

Id. 25.

### C.     Analysis

The court finds the ALJ provided a fair and appropriate summary of the evidence

and of the medical opinions and explained her findings regarding the persuasiveness of

the medical opinions.  It is also clear that she found Plaintiff's allegations of symptoms inconsistent with the record evidence.  However, despite the ALJ's statement she found the allegations inconsistent with the record evidence "for the reasons explained in [the] decision" (R. 20), the court simply finds no rationale presented in the decision at issue.

As the Commissioner argued in her Brief, "the ALJ discussed the physical and mental findings from Plaintiff's treating and examining providers," and "discussed Plaintiff's history of hospitalizations related to not taking his psychotropic medications and substance abuse, along with the normal mental status examination findings when he was compliant with treatment."  (Comm'r Br. 8).  The court acknowledges that it is the ALJ's prerogative to resolve conflicts in the evidence and deference is due the ALJ's evaluation of the claimant's allegations.  But the ALJ's authority is not <u>carte</u> <u>blanche</u> and the court's deference is not without limit.

In a case such as this where the ALJ has so appropriately summarized the record evidence, both that supporting Plaintiff's allegations and that tending to detract from the allegations, she must explain the evidence she found inconsistent with the allegations and why the inconsistencies led her to discount the allegations.  Merely discussing the medical findings, medical history, alleged substance abuse, and inconsistency in taking medication is insufficient.  Otherwise, the court is left to weigh the evidence itself, as the Commissioner did in her Brief, determine what are the inconsistencies and evaluate how they detract from Plaintiff's allegations of symptoms.  That is <u>post hoc</u> rationalization which is permitted neither for the Commissioner nor for the court.  <u>Grogan v. Barnhart</u>, 399 F.3d 1257, 1263 (10th Cir. 2005); <u>Knipe v. Heckler</u>, 755 F.2d 141, 149 n.16 (10th

Cir. 1985).  Remand is necessary for the Commissioner properly to assess Plaintiff's allegations of symptoms.

**IT IS THEREFORE ORDERED** that this case shall be REVERSED and that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case for further proceedings consistent herewith.

Dated March 10, 2022, at Kansas City, Kansas.

s:/  *John W. Lungstrum*
**John W. Lungstrum**
**United States District Judge**