## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

TIM DEAN PULKRABEK,          )
         )
        **Plaintiff,**     )
         )    **CIVIL ACTION**
**v.**         )
         )    **No. 21-1044-JWL**
         )
**MARTIN J. O'MALLEY,[1]**     )
**Commissioner of Social Security,**  )
         )
        **Defendant.**    )
_____ )

## MEMORANDUM AND ORDER

This matter is before the court on an amended motion for approval of an attorney fee (Doc. 28, & Attach. 1) (Pl. Mot.) pursuant to the Social Security Act, 42 U.S.C. § 406(b).   Plaintiff's motion is GRANTED, approving a fee in the amount of $24,008.18 pursuant to the Social Security Act.

## I.  Background

Plaintiff filed a Complaint in this court on February 17, 2021, seeking judicial review of a decision of the Commissioner of the Social Security Administration.   (Doc

---

[1] On December 20, 2023, Mr. O'Malley was sworn in as Commissioner of Social Security.   In accordance with Rule 25(d)(1) of the Federal Rules of Civil Procedure, Mr. O'Malley is substituted for Acting Commissioner Kilolo Kijakazi as the defendant. Pursuant to the last sentence of 42 U.S.C. § 405(g), no further action is necessary.

1).   After the Commissioner answered and filed the administrative record in this case, Plaintiff filed her Social Security Brief on July 12, 2021.   (Doc. 13).   The Commissioner filed his Response Brief and Plaintiff filed a Reply.   (Docs. 17, 18). The court entered judgment remanding the case for further proceedings on March 10, 2022.   (Docs. 19, 20).   The court granted Plaintiff's unopposed motion for attorney fees pursuant to the Equal Access to Justice Act on June 6, 2022.   (Doc. 22).   On remand, the Commissioner issued a fully favorable decision on January 30, 2024. and a Notice of Award on March 5, 2024.   (Pl. Mot., Attachs. 3, 4).   The total award of past due benefits was $96,032.70, of which the Social Security Administration withheld 25% from which to pay representative fees and awarded $7,200.00 to Plaintiff's representative for work before the agency.   Id. Attach. 4, p.4.   Plaintiff now seeks award of attorney fees of $24,008.18 pursuant to § 206(b) of the Social Security Act.   42 U.S.C. § 406(b).

## II.   Legal Standard

The Social Security Act (the Act) provides for the payment of an attorney fee out of the past due benefits awarded to a beneficiary.   42 U.S.C. § 406(b).   The court has discretion to approve such a fee.   McGraw v. Barnhart, 450 F.3d 493, 497-98 (10th Cir. 2006).   However, the court has an affirmative duty to allow only so much of the fee as is reasonable.   Gisbrecht v. Barnhart, 535 U.S. 789, 807-808 (2002); McGraw, 450 F.3d at 498; 42 U.S.C. § 406(b)(1)(A).

> (1)(A) Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for

such representation, <u>not in excess of 25 percent</u> of the total of the past-due
benefits to which the claimant is entitled by reason of such judgment, and
the Commissioner of Social Security may,   . . . certify the amount of such
fee for payment to such attorney out of, and not in addition to, the amount
of such past-due benefits.

42 U.S.C. § 406(b)(1)(A) (emphases added).

The Supreme Court, in <u>Gisbrect</u> determined that a contingency fee agreement
within the twenty-five percent ceiling is allowed by § 406(b) of the Act, and that courts
may not use the "lodestar" method to establish a reasonable fee in such a case.   Where
there is a contingency-fee agreement between Plaintiff and his attorney, the court is to
look first to the agreement and then test the agreement for reasonableness.   <u>Gisbrecht</u>,
535 U.S. at 807-08.   In determining reasonableness, the Court suggested that courts
should consider such factors as the character of representation, the results achieved,
whether the attorney is responsible for any delay, and whether the benefits are large in
comparison to the amount of time counsel spent on the case.   <u>Id.</u> 535 U.S. at 808.   The
Court noted that the comparison of benefits to time spent might be aided by submission
of the plaintiff's attorney's billing record and normal hourly billing rate.   <u>Id.</u>

The Tenth Circuit has explained the procedure used in applying <u>Gisbrecht</u>.
<u>Gordon v. Astrue</u>, 361 F. App'x 933, 935–36 (10th Cir. 2010).   It noted that the court is
to look first to the fee agreement between the plaintiff and her counsel, and "the statute
does require courts to serve 'as an independent check' by 'review[ing] for reasonableness
fees yielded by those agreements.'"   <u>Id.</u> at 935 (quoting <u>Gisbrecht</u>, 535 U.S. at 807-09).

3

The court noted that the Court provided examples of proper reasons for reducing 406(b) fee requests:

> (1) when "the character of the representation and the results the representative achieved" were substandard; (2) when "the attorney is responsible for delay" that causes disability benefits to accrue "during the pendency of the case in court"; and (3) when "the benefits are large in comparison to the amount of time counsel spent on the case."

Id. (quoting Gisbrecht, 535 U.S. at 808).   The court acknowledged six factors recognized by the Seventh Circuit before Gisbrecht was decided as potentially useful when making a 406(b) reasonableness determination—although it merely "assum[ed], without granting, that the district court had some obligation to" consider those factors.   Id. (citing McGuire v. Sullivan, 873 F.2d 974, 983 (7th Cir. 1989) ("time and labor required; skill required; contingency of fee; amount involved and result attained; experience, reputation, and ability of attorney; and awards in similar cases.").   The Tenth Circuit reviews "a district court's award of attorney's fees under § 406(b) for an abuse of discretion, see McGraw v. Barnhart, 450 F.3d 493, 505 (10th Cir.2006), and will reverse only if the district court's decision is 'based on a clearly erroneous finding of fact or an erroneous conclusion of law or manifests a clear error of judgment,'"   Id. at 935 (quoting United States v. McComb, 519 F.3d 1049, 1054 (10th Cir. 2007)).

The court notes how courts in this district have performed the analysis in recent years.   Kotchavar v. Comm'r of Soc. Sec. Admin., Civ. A. No. 14-1333-KHV, 2018 WL 6077988, at *3 (D. Kan. Nov. 21, 2018) (awarding fee resulting in effective hourly rate of $400); Tacey v. Berryhill, Civ. A. No. 15-9094-KHV, 2018 WL 3757620, at *3 (D. Kan.

4

Aug. 8, 2018) (reducing award to effective hourly rate of $388.50); Williams v. Berryhill,
Case No. 15-1255-SAC, 2018 WL 3609753, at *1 (D. Kan. July 27, 2018) (affirming fee
request resulting in an effective rate of $286.99 and citing cases approving fee awards
resulting in effective hourly rates ranging from $258.63 to $432.02); Boyer v. Berryhill,
No. 15-1054-SAC, 2018 WL 2971499, at *1 (D. Kan. June 12, 2018) (affirming fee
request resulting in an effective rate of $400.07 and citing cases approving fee awards
resulting in effective hourly rates ranging from $258.63 to $432.02).   This court recently
approved 406(b) contingent attorney fees at an hourly rate of $736.07 resulting in an
equivalent hourly rate for non-contingent work of almost $263; Madrigal v. Kijakazi,
Civ. A. No. 19-2429-JWL, 2021 WL 4860555 (D. Kan. October 19, 2021); see also,
Gardipee v. Saul, Civ. A. No. 20-1001-JWL, 2021 WL 826206, *3 (D. Kan. Mar. 4,
2021) (an hourly rate of $1,001.90 resulting in an equivalent hourly rate for non-
contingent work of $357.82); Morris v. Kijakazi, Civ. A. No. 19-1133-JWL, 2021 WL
5769365 (D. Kan. Dec. 6, 2021) (hourly rate of $410.57); Rogers v. Saul, Civ. A. No. 19-
1134-JWL, 2022 WL 17718655 (D. Kan. Dec. 15, 2022) (hourly rate of $2,265.39 and an
equivalent hourly rate of $809.07); Schlein v. Kijakazi, Civ. A. No. 21-1180-JWL, 2023
WL 5952025 (D. Kan. Sept. 13, 2023) (at an hourly rate of $703.80 resulting in an
equivalent hourly rate of $251.36); Firment v. O'Malley, Civ. A. No. 22-1220-JWL,
2023 WL 8934765 (D. Kan. Dec. 27, 2023 (hourly rate of $1,157.81 and equivalent
hourly rate of $413.50); and, Walls v. O'Malley, Civ. A. No. 21-1011-JWL, 2024 WL

52609 (D. Kan. Jan. 3, 2024) (hourly rate of $1,407.34 and equivalent hourly rate of $502.62).

## III.   Discussion

Here, Plaintiff's attorney requests a fee award of the full 25 percent of Plaintiff's past due benefits, or $24,008.18.   She included a copy of the contingent fee agreement signed by Plaintiff, in which he agreed to a fee of 25 percent of past due benefits.   (Pl. Mot., Attach. 5).   Counsel submitted a listing of the hours expended in prosecuting this case before this court showing 24.95 hours expended.   Id., Attach. 6.   An award of 25 percent of past due benefits would result in an hourly rate of $962.25 and an effective hourly rate in a noncontingent case of $343.66.   (Pl. Mot., Attach. 1, p.11).   Counsel argues that the skill, competence, expertise, and experience of her and her firm produced a good result in this case and support awarding the full 25% of past due benefits.   Id., Attach. 1, p.10-12.

The Commissioner submitted a response to Plaintiff's Motion asserting that he "neither supports nor opposes counsel's request for attorney's fees in the amount of $24,008.18."   (Doc. 25, p.1).

The court finds it necessary to make a comment regarding Plaintiff's argument justifying the award of fees in this case.   Plaintiff's counsel argued, "the value of health care benefits attendant to Title II benefits" awarded in a Social Security disability case is not included in computing the 42 U.S.C. § 406(b) attorney fee.   (Pl. Mot., Attach. 1, p.10).   It is not clear to what health care benefits counsel refers.   If she refers to future

6

health care benefits, she is correct because statutory attorney fees pursuant to 42 U.S.C.

§ 406(b) are based on past-due benefits, but if she refers to health care benefits relating

back she is incorrect, because as the "Notice of Award" explains Plaintiff is "entitled to

hospital insurance (for which there is no charge) under Medicare beginning November

2021, but if she wants <u>medical</u> insurance under Medicare beginning November 2021, she

must pay for it.   <u>Id.</u>, Attach. 4, p.2.   This fact, however, does not affect the court's

assessment of reasonable fees in his case.

The court has considered both the <u>Gisbecht</u> and the <u>McGuire</u> factors and the

arguments of counsel and makes the following findings.   Plaintiff has met her burden to

prove that award of the full 25 percent of past due benefits is reasonable in the

circumstances present here.   The court notes that counsel achieved a good result for

Plaintiff in this case.   The court recognizes that the contingent nature of the fee justifies a

fee award which is higher than the normal hourly rate charged by practitioners when the

claimant prevails in order to encourage practitioner to take such cases and to provide for

those cases taken which are not successfully concluded.   This is particularly true due to

the deferential standard applicable in Social Security cases, <u>Biestek v. Berryhill</u>, 139 S.

Ct. 1148, at 1154, 1157 (2019), and this court's strict adherence to that standard.

Both the Commissioner and Plaintiff's counsel remind the court that the Equal

Access to Justice Act (EAJA), 28 U.S.C. § 2412, fee in this case, which was $5,339.30,

must be refunded to Plaintiff as the smaller fee.

7

The court finds that 25% of past due benefits, or $24,008.18, is a reasonable fee in the circumstances of this case.   However, because the Notice of Award indicates the Agency awarded $7,200.00 to Plaintiff's representative before the agency, the entire $24,008.18 may not be presently available in the funds withheld by the Commissioner to pay representative fees, and it may be necessary for counsel to seek the remainder of her fee from her client.

**IT IS THEREFORE ORDERED** that pursuant to 42 U.S.C. § 406(b) the court approves an attorney fee of $24,008.18 which the Commissioner shall provide to Plaintiff's counsel subject to any remaining past due benefits withheld to pay representative fees.

**IT IS FURTHER ORDERED** that counsel shall refund the EAJA fee award of $5,339.30 to Plaintiff.

Dated July 17, 2024, at Kansas City, Kansas.

s:/   John W. Lungstrum
**John W. Lungstrum**
**United States District Judge**

8